■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BRADSHAW, Appellant.—Judgment, Supreme Court, New York County (Roger Hayes, J.), rendered September 20, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a predicate felon, to an indeterminate term of imprisonment of from 7 to 14 years, unanimously affirmed.

Defendant was arrested after a police officer who was standing only ten feet away witnessed him passing 100 vials of crack to a co-defendant in exchange for cash.

The defendant's contention that he was prejudiced by the loss by the police of the transparent plastic bag that contained the vials of crack is unsupported by the record. Further, it is established that the police do not have the duty to preserve all material which might be of conceivable evidentiary significance *(Arizona v Youngblood,* 488 US 51; *People v Allgood,* 70 NY2d 812). The court properly exercised its discretion in not imposing sanctions *(see, People v Martinez,* 71 NY2d 937), since there was no showing of bad faith on the part of law enforcement personnel, the evidence was of minimal importance and the other evidence adduced at trial was sufficient *(see, People v Haupt,* 71 NY2d 929). Any alleged exculpatory value of the plastic bag was highly speculative and sanctions were not required *(see, People v Reed,* 44 NY2d 799). The court thus properly denied the defense request for an adverse inference instruction.

Defendant was not denied his constitutional right to effective assistance of trial counsel. He has not demonstrated that his attorney failed to provide meaningful representation under all the circumstances *(People v Baldi,* 54 NY2d 137, 146-147). Nor was there a showing that, but for counsel's alleged

shortcomings the result might have been different *(Strickland v Washington,* 466 US 668).

Defendant failed to object to certain remarks made by the prosecutor on summation, claimed on appeal to be improper and therefore this claim has not been preserved for review (CPL 470.05 [2]). In any event, the record shows that the summation, considered as a whole, was a fair response to arguments raised in the defense summation with respect to the credibility of the People's witnesses *(People v Marks,* 6 NY2d 67, 77-78, *cert denied* 362 US 912; *People v Galloway,* 54 NY2d 396).

Defendant also contends that his sentence was excessive. The sentence imposed was less than the maximum permitted and because the court properly considered all the pertinent factors, we reject this contention *(People v Farrar,* 52 NY2d 302, 305). Concur—Murphy, P. J., Milonas, Ellerin, Wallach and Kassal, JJ.