THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK SANDORE, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the trial court erred by refusing to strike the testimony of a police investigator who destroyed *Rosario* material. Police Investigator Pieklik interviewed defendant shortly after his arrest, made notes of the interview and prepared a written report based, in part, upon those notes. Thereafter, the investigator destroyed his notes.

Clearly, "a right sense of justice" entitles a defendant to inspect the prior statements of a prosecution witness relating to the subject matter of that witness's testimony prior to cross-examination *(People v Rosario,* 9 NY2d 286, 289, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866, *rearg denied* 14 NY2d 876, 15 NY2d 765; *see, People v Ranghelle,* 69 NY2d 56, 62; *People v Quinones,* 139 AD2d 404, 406, *affd* 73 NY2d 988), and the notes and reports of a police officer have been specifically included as *Rosario* material since 1965 *(see, People v Malinsky,* 15 NY2d 86, 90-91). Where *Rosario* material has been lost or destroyed by reason of the People's failure "to exercise care to preserve it and defendant is prejudiced by their mistake, the court must impose an appropriate sanction" *(People v Martinez,* 71 NY2d 937, 940). We conclude, however, that the investigator's failure to preserve the notes did not, under the circumstances of this case, cause any prejudice to defendant. Therefore, the trial court did not abuse its discretion by declining to impose any sanction *(cf., People v Wallace,* 76 NY2d 953, 955).

Defendant's conviction of burglary in the first degree and burglary in the second degree is supported by legally sufficient evidence *(see, People v Bleakley,* 69 NY2d 490, 495). Further, the jury verdict was not against the weight of the evidence

*(see, People v Bleakley, supra).* Finally, the sentence imposed did not constitute an abuse of discretion. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Manslaughter, 1st Degree.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.