■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS HOLMES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gloria Goldstein, J.), rendered March 9, 1989, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At the suppression hearing, a detective testified that he had made contemporaneous handwritten notes of the defendant's confession, and, about 60 to 90 seconds afterwards, copied "almost verbatim, word for word" the contents of the notes into a DD-5 report, which was disclosed to the defense. The detective testified further that he no longer knew where the notes were. The defense counsel sought to preclude the detective's testimony based upon the loss of the handwritten notes. The court denied the application, observing that the defense would be able to cross-examine the detective about the loss of the notes and "there was no evidence that would suggest the officer destroyed the notes in bad faith or in order to frustrate the defendant's right to cross-examination". On appeal, the defendant argues for the first time that the court should have instructed the jury to draw an adverse inference from the loss of the notes. We disagree.

It is settled that "[w]here *Rosario* material has been lost or destroyed by reason of the People's failure 'to exercise care to preserve it *and the defendant is prejudiced by their mistake,* the court must impose an appropriate sanction' " *(People v Sandore,* 175 AD2d 660, quoting *People v Martinez,* 71 NY2d 937, 940; emphasis added). In the instant case, there is no basis for concluding that the defendant was prejudiced by the loss of the notes, as they were immediately copied, apparently verbatim, into a police report. The defense counsel had a full opportunity to cross-examine the detective about the defendant's statement and the loss of the notes. Evidently satisfied that these issues had been adequately raised before the jury, the defendant made no application for an adverse inference charge or any other sanction at the trial. In addition, as the

court found, there was no evidence of bad faith. Under these circumstances, the court did not improvidently exercise its discretion in not sua sponte imposing the sanction of an adverse inference charge *(see, People v Sandore, supra; People v Bradshaw,* 172 AD2d 328; *cf., People v Wallace,* 76 NY2d 953).

The defendant's remaining contentions, including those raised in his *pro se* supplemental brief, are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Lawrence, Eiber and Copertino, JJ., concur.