■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

RUDOLPH THOMAS, Appellant. [609 NYS2d 621] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.) rendered June 25, 1991, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and sentencing him to indeterminate terms of imprisonment of 10 to 20 years imprisonment for robbery in the first degree and 7½ to 15 years imprisonment for robbery in the second degree.

Ordered that the judgment is modified, on the law, by reducing the indeterminate term of imprisonment of 7½ to 15 years imposed with respect to the defendant's conviction of robbery in the second degree to an indeterminate term of 5 to 15 years imprisonment; as so modified, the judgment is affirmed.

The defendant argues that the Supreme Court erred when it refused to impose a sanction in order to remedy the prejudice which supposedly resulted from the prosecution's failure to produce certain "scratch notes". Because these notes were destroyed in good faith, the defendant was not entitled to the imposition of a sanction unless he demonstrated some degree of prejudice *(see, People v Martinez,* 71 NY2d 937, 940; *see also, People v Holmes,* 188 AD2d 618; *People v Sandore,* 175 AD2d 660). We find that the defendant cannot possibly claim to have suffered prejudice in this case because the uncontradicted testimonial evidence establishes that the content of the subject scratch notes had been accurately transcribed onto an official complaint report which was produced at the trial. The defendant's contention that the officer who accomplished the transciption of the document from one format (the "scratch notes") to another format (the complaint report) might have deliberately or unwittingly altered the text of the document rests on nothing more than pure speculation that this officer either consciously or unconsciously gave false testimony concerning the circumstances of the transcription. The defendant is not entitled to a new trial based on such a speculation *(see, People v Holmes, supra; see also, People v Winthrop,* 171 AD2d 829; *People v Serrando,* 184 AD2d 1094).

The People concede that the sentence imposed with respect to the defendant's conviction of robbery in the second degree must be reduced. The crime of robbery in the second degree, as defined in Penal Law § 160.10 (1), is not an armed violent felony offense *(see,* CPL 1.20 [41]; *see also, People v Pride,* 173 AD2d 651, 652; *People v Edwards,* 121 AD2d 886).

We have examined the defendant's remaining contentions

and find them to be without merit. Bracken, J. P., Sullivan, Miller and Lawrence, JJ., concur.