■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW BELL, Appellant. [629 NYS2d 89] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered June 8, 1993, convicting him of attempted murder in the second degree, assault in the first degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

Under the particular circumstances of this case, the Supreme Court erred in refusing to impose any sanctions based upon the prosecution's failure to produce *Rosario* material *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) consisting of a police officer's handwritten notes. We do not believe that the typewritten complaint report, which was furnished at trial, can be considered to be the duplicative equivalent of the

officer's notes. The officer himself was unable to compare the two documents and the evidence is otherwise insufficient to establish that "the content of the subject scratch notes had been accurately transcribed onto [the] official complaint report" *(People v Thomas,* 202 AD2d 525, 526; *see also, People v Jordan,* 207 AD2d 700; *cf., People v Nieves,* 205 AD2d 173, 184-185; *People v Boyd,* 189 AD2d 433, 438-440; *People v Holmes,* 188 AD2d 618; *People v Hyde,* 172 AD2d 305). Considering the nature of the content of the report in question, we also find that there was an adequate demonstration of prejudice *(see, People v Jordan, supra; People v Schoolfield,* 196 AD2d 111). The appropriate sanction would have been to deliver an adverse inference charge *(see, People v Walker,* 209 AD2d 460).

Further, the complaining witness was permitted to testify concerning two occasions, both subsequent to the incident which forms the basis for the indictment, on which the defendant fired shots at him. Under the particular facts of this case, we find that "the probative value of the testimony of [these] uncharged crimes was outweighed by its prejudicial effect" *(People v McKinney,* 24 NY2d 180, 185; *see also, People v Hudy,* 73 NY2d 40, 55; *People v Ventimiglia,* 52 NY2d 350). A new trial is warranted for this additional reason.

We have examined the defendant's remaining contention and find it to be without merit. Bracken, J. P., Rosenblatt, Ritter and Goldstein, JJ., concur.