■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALTON LINESZY, Appellant. [635 NYS2d 537] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered June 15, 1992, convicting him of attempted murder in the second degree, assault in the first degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. By a decision and order of this Court dated February 6, 1995 [212 AD2d 548], the matter was remitted to the Supreme Court, Kings County, to hear and report on the following issues: (1) whether a police report was prepared about an incident that is alleged to have taken place on January 1, 1991, and (2) if so, whether that report is available or has been irretrievably lost, and (3) whether that report was available at the time of trial, but withheld from the defendant, and the appeal was held in abeyance in the interim. The Supreme Court, Kings County,

conducted a hearing, and it has now submitted its report to this Court.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

After a hearing that was conducted pursuant to this Court's direction, the Supreme Court determined that a police report had been prepared concerning a prior assault by the defendant upon the complainant, but that the report had been lost or destroyed prior to trial. Since the report related to the complainant's direct testimony and there was a sufficient showing of prejudice, the trial court erred by denying the defendant's request for an adverse inference charge (see, People v Martinez, 71 NY2d 937, 940; People v Bell, 217 AD2d 585; People v Smith, 182 AD2d 787). Further, contrary to the People's contention, all of the counts of which the defendant was convicted must be reversed (cf., People v Baghai-Kermani, 84 NY2d 525; People v Figueroa, 219 AD2d 66).

In light of the foregoing, we do not reach the defendant's remaining contention. Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.