■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH GREEN, Appellant. [666 NYS2d 616] —Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered March 25, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant's request, at the close of trial, for an adverse inference charge based on the People's failure to introduce his hat and coat was properly denied as untimely (*People v Gonzalez*, 68 NY2d 424, 427-428). Moreover, the People were under no legal duty to seize articles of clothing relevant to defendant's identification by the undercover officer (*see, People v Bradshaw*, 172 AD2d 328). Defendant's argument that this physical evidence constituted *Rosario* material is without merit (*People v Quinones*, 228 AD2d 796, 798; *People v Wilson*, 210 AD2d 520, *lv denied* 85 NY2d 982).

Defendant received effective assistance of counsel. Defendant's claim that trial counsel should have requested a mistrial based upon the codefendant's illness and the consequent severance of her case, because the codefendant might have testified and exculpated defendant, is without merit because both sides had already rested by that time. We likewise find no merit to defendant's claim that he was denied effective assistance by his trial counsel's failure to request a mistrial upon the court's replacement, over defense objection, of two sick jurors by alternates.

Defendant's request for discretionary review of his sentence is meritless since he has already received the minimum sentence authorized by law (Penal Law § 70.06 [3] [b]; CPL 470.20 [6]). Concur—Ellerin, J. P., Nardelli, Williams, Andrias and Colabella, JJ.