■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN L. SANTIAGO, Appellant. [18 NYS3d 449]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered January 23, 2013, convicting him of attempted assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal

brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress identification testimony. Although showup procedures are generally disfavored, "they are permissible, even in the absence of exigent circumstances, when they are spatially and temporally proximate to the commission of the crime and not unduly suggestive" (*People v Gonzalez*, 57 AD3d 560, 561 [2008] [internal quotation marks omitted]). Here, the hearing evidence established that the showup was conducted in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification and was not unduly suggestive (*see People v Cruz*, 31 AD3d 660, 661 [2006]; *see also People v Johnson*, 104 AD3d 705, 706 [2013]; *People v Jacob*, 94 AD3d 1142, 1144 [2012]; *People v Gonzalez*, 57 AD3d at 561; *People v Crumble*, 43 AD3d 953, 953 [2007]; *cf. People v Adams*, 53 NY2d 241, 248-249 [1981]). Contrary to the defendant's contention, since there was no showing of undue suggestiveness, the People were not required to establish an independent source for the in-court identification (*see People v Chipp*, 75 NY2d 327, 335 [1990]; *People v Johnson*, 104 AD3d at 706).

There is no merit to the defendant's remaining contention that the Supreme Court should have given an adverse inference charge with respect to certain evidence of photographic images relating to the subject crime (*see People v Hester*, 122 AD3d 880, 880-881 [2014]; *People v Rice*, 39 AD3d 567, 568-569 [2007]; *People v Perez*, 255 AD2d 403, 403-404 [1998]; *cf. People v Holman*, 283 AD2d 440, 441 [2001]; *People v Lineszy*, 222 AD2d 527, 528 [1995]). Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.