■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLOWE TATE, Appellant.—Judgment, Supreme Court, New York County (James Leff, J., at suppression hearing, trial and sentence), rendered May 22, 1987, which convicted defendant of robbery in the second degree and sentenced him, as a predicate felon, to an indeterminate term of imprisonment of 6 to 12 years, unanimously affirmed.

We reject defendant's claim that the officers acted improperly in detaining him while seeking further information concerning a radio run that a robbery had taken place. The officer's initial stop and inquiry of defendant and codefendant was concededly proper. When the men indicated that they did not know one another (given that the response was contrary to the officers' observations of them engaged in conversation and one passing to the other a token) and indicated that they had come from the place where the robbery had taken place, the officers acted within their authority in prolonging the detention to make further inquiry. (People v Hicks, 68 NY2d 234; People v Wheeler, 61 AD2d 737.) Thus, the short detention of defendant and codefendant in the subway station, while one officer left the station to radio for more information, was not unreasonable.

Defendant's *pro se* arguments, to the extent preserved, have been reviewed and deemed meritless. We do not reach his challenge to the court's identification or circumstantial evidence charge, since there was no objection to the instructions as issued, thereby leaving the claim unpreserved for review (CPL 470.05 [2]). Concur—Sullivan, J. P., Carro, Wallach, Smith and Rubin, JJ.