■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIJAH NANCE, Appellant.—Judgment unanimously affirmed. Memorandum: Contrary to defendant's contention, the prosecutor provided acceptable race-neutral reasons for the exercise of her peremptory challenges against the prospective black jurors.

The court erred in admitting into evidence defendant's notice of alibi *(see, Williams v Florida,* 399 US 78 [1970]). The error, however, was harmless *(see, People v Crimmins,* 36 NY2d 230).

The remark of the police officer, after the witness Hulin selected defendant's photograph from an array, was not likely to lead to a mistaken identification in view of Hulin's unequivocal and positive identification of defendant *(compare, People v Neese,* 138 AD2d 531, 532). In any event, Hulin had an independent source for her in-court identification. She was in the immediate presence of defendant in a well-lighted store and she had an unobstructed view of him for 5 to 10 minutes.

There is no merit to defendant's argument that his convictions under subdivisions (2) and (4) of Penal Law § 160.15 cannot both stand. The elements in those counts were not all identical *(cf., People v Brown,* 67 NY2d 555, 560, *cert denied* 479 US 1093). The counts charged separate crimes, each containing one different element, and they constitute noninclusory, concurrent counts, which, under the circumstances, we have no authority to dismiss *(see, People v Davis,* 165 AD2d 610, *lv denied* 78 NY2d 1010). A person may display what

appears to be a firearm without being armed with a deadly weapon and, conversely, a person may be armed with a deadly weapon without displaying the weapon.

We reject defendant's contention that his sentence is harsh and excessive.

We have reviewed the arguments made by defendant in his *pro se* supplemental brief and we find them to be without merit. (Appeal from Judgment of Erie County Court, McCarthy, J.—Murder, 2nd Degree.) Present—Denman, P. J., Boomer, Pine, Balio and Fallon, JJ.