■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN BURNSIDE, Appellant. [679 NYS2d 110] —Judgment, Supreme Court, New York County (Edward McLaughlin, J., at suppression hearing; Edwin Torres, J., at jury trial and sentence), rendered April 2, 1996, convicting defendant of eight counts of robbery in the first degree, two counts of attempted robbery in the first degree, six counts of robbery in the second degree, and two counts of attempted robbery in the second degree, and sentencing him, as a second felony offender, to four consecutive terms of 12½ to 25 years consecutive to a term of 7½ to 15 years and concurrent with four concurrent terms of 12½ to 25 years, seven concurrent terms of 7½ to 15 years, and two concurrent terms of 3½ to 7 years, unanimously affirmed.

Defendant's motion to suppress was properly denied in all respects. There was probable cause supporting defendant's arrest, because defendant's behavior was consistent with, at the very least, that of a lookout (*see, People v Arriaga*, 204 AD2d 96). In addition, the method of operation observed by the arresting officers, who had been engaged on a stakeout, was similar to that employed by the suspects in the string of subway robberies that the police had been investigating. Therefore, the only rational conclusion was that defendant had been acting in concert with his co-defendant.

We reject defendant's argument that the identification procedure arranged by the police on a subway platform shortly after he and his co-defendant had been observed robbing three subway passengers was, in reality, a lineup rather than a showup and should, thus, have been conducted under the standards applicable to lineups, thereby rendering it unduly suggestive. Notwithstanding the use of some officers as fillers and seating them on a bench beside defendant and his companion, the identification was a showup since it occurred near the scene of the crime and shortly after its commission (*see, People v Duuvon*, 77 NY2d 541). Moreover, when multiple suspects are apprehended near the scene of a crime, an otherwise lawful showup does not become impermissibly suggestive merely because they are exhibited together or because the suspects are in the presence of police officers (*see, People v Marano*, 215 AD2d 321). Defendant's challenges to the subsequent lineup identifications by the other victims rest entirely on speculation.

Defendant's right to be present at the suppression hearing was not violated by the hearing court's refusal to adjourn the

proceedings on a particular Friday court session at which defendant opted not to appear, purportedly for religious reasons. Since the hearing court was clearly warranted in finding that the religious excuse offered by defendant to circumvent a court appearance was merely a sham, particularly considering defendant's prior Friday court appearances, there was ample support in the record for the court's conclusion that defendant had voluntarily waived his right to be present.

We perceive no abuse of sentencing discretion.

We have considered and rejected defendant's remaining arguments. Concur—Milonas, J. P., Rosenberger, Wallach, Tom and Mazzarelli, JJ.