■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RUMPH, Appellant. [687 NYS2d 361] —Judgment, Supreme Court, New York County (Edward McLaughlin, J., at suppression hearing; Edwin Torres, J., at jury trial and sentence), rendered April 3, 1996, convicting defendant of eight counts of robbery in the first degree, two counts of attempted robbery in the first degree, six counts of robbery in the second degree and two counts of attempted robbery in the second degree, and sentencing him, as a second felony offender, to four consecutive terms of 12½ to 25 years consecutive to a term of

7½ to 15 years and concurrent with four concurrent terms of 12½ to 25 years, seven concurrent terms of 7½ to 15 years, and two concurrent terms of 3½ to 7 years, and judgment, same court (Harold Beeler, J.), rendered June 11, 1996, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 6 to 12 years, to be served concurrently with the aforesaid sentences, unanimously affirmed.

Defendant's suppression motions were properly denied. This Court, in affirming the conviction of defendant's codefendant, has previously rejected challenges to the joint showup identifications in this case that are similar to the contentions advanced herein (*see, People v Burnside*, 254 AD2d 98), and we see no reason to reach a different result. While defendant further challenges the reliability of his in-court identifications by two of the complainants as having been tainted by their having been allegedly advised, following their separate viewing of defendant in a lineup, that they had correctly identified the target of the procedure, this claim has not been preserved for appellate review and we decline to review it in the interest of justice. Were we to review this claim, we would find that the allegedly suggestive post-lineup statements by the detective did not taint the in-court identifications (*see, People v Nance*, 185 AD2d 610, *lv denied* 80 NY2d 976; *People v Council*, 162 AD2d 293, 294, *lv denied* 76 NY2d 854).

Defendant's claim that portions of his confession should have been suppressed for failure of the police to honor his right to cut off questioning is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant did not seek to "cut off" questioning, but rather requested to limit its scope, and that the police honored that request.

We have considered and rejected defendant's remaining claims, including those contained in his *pro se* supplemental brief. Concur—Ellerin, P. J., Wallach, Mazzarelli and Andrias, JJ.