■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BASSAM ELDER, Appellant. [806 NYS2d 485]—

Judgment, Supreme Court, New York County (Herbert Adlerberg, J.H.O., at hearing; James Yates, J., at plea and sentence), rendered March 10, 2005, convicting defendant of criminal possession of stolen property in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's suppression motion. The police clearly had probable cause to arrest the codefendant for possessing a stolen ATM card and using it to obtain cash. Defendant argues that the police nevertheless lacked probable cause to believe that he was acting in concert with the codefendant. In order to establish probable cause for defendant's arrest, the People were not required to prove his accessorial liability (*see* Penal Law § 20.00) beyond a reasonable doubt (*see Brinegar v United States*, 338 US 160, 175 [1949]; *People v*

*Bigelow*, 66 NY2d 417, 423 [1985]). The police were aware that defendant had driven the codefendant from one ATM to another. At the scene of the codefendant's arrest, the police observed defendant attempt to drive away in reverse, under circumstances warranting the conclusion that defendant had noticed the officers questioning the codefendant, and was attempting to flee. Accordingly, the police had probable cause to believe that defendant was a participant in the criminal enterprise (*see People v Davis*, 308 AD2d 343 [2003], *lv denied* 1 NY3d 570 [2003]; *People v Arriaga*, 204 AD2d 96 [1994]), and the court properly declined to suppress any of the fruits of defendant's arrest. Concur—Tom, J.P., Marlow, Gonzalez and Sweeny, JJ.