■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXY ROSARIO, Appellant. [811 NYS2d 33]—

Judgment, Supreme Court, New York County (Marcy Kahn, J., at suppression hearing; Philip Grella, J., at jury trial and sentence), rendered February 11, 2004, convicting defendant of burglary in the second degree, grand larceny in the third degree, criminal possession of stolen property in the third degree, and possession of burglar's tools, and sentencing him, as a second violent felony offender, to concurrent terms of 12 years, 3½ to 7 years (two terms) and 1 year, respectively, unanimously affirmed.

The court properly denied defendant's motion to suppress his statement to the police as fruit of an allegedly unlawful arrest. Contrary to defendant's argument, the evidence establishes probable cause to arrest defendant, and not merely to arrest the codefendant. The police had, at least, an objective credible reason to stop defendant and the codefendant to request information, where they were walking at approximately 3:00 A.M., in an area where several robberies had occurred, with the codefendant carrying a black plastic bag, and where either or both of the men matched the general description of the suspected perpetrator. Then, when the men saw the police, they "abruptly" turned down a street. When the police caught up to them, the codefendant was no longer carrying the bag. When defendant was asked where they had been, he gave an address which was in the opposite direction from where the police had seen the men walking. Moreover, the codefendant was sweating and acting nervous. When the codefendant pointed out a car, which he claimed contained his identification, it was clear that the two

men had to have walked directly past the car. When asked why they had walked past the car, neither man responded. In open view in the car were the bag that the codefendant had been carrying, a quantity of calling cards and a silver or gray box, which appeared to have come from an ATM. Because the codefendant had his hand in his pockets and was constantly "adjusting himself," the police were justified in patting him down, at which time they discovered what appeared to be burglar's tools. At this point, the police had, at least, reasonable suspicion sufficient to warrant holding the two men briefly while the officers investigated further (see e.g. People v Roque, 99 NY2d 50, 54 [2002]; People v Tate, 162 AD2d 229 [1990], lv denied 76 NY2d 991 [1990]). Within a matter of minutes, the police discovered a nearby burglarized store that contained an ATM that had also been broken into. Thus, the officers had probable cause to arrest defendant and the codefendant, since both were clearly acting together, and defendant had, inter alia, lied and had been unable or unwilling to explain why they had walked past the car (see People v Elder, 24 AD3d 221 [2005]; People v Arriaga, 204 AD2d 96, 97 [1994]).

The record does not support defendant's assertion that the court denied a request for an adjournment in order to obtain the presence of a witness, the codefendant, who was incarcerated. Counsel requested that the court sign an order to produce, which the court did, so that the defense could produce this witness the following week when defendant put on his case. During trial, defendant advised the court of his intention to call two other witnesses, and he ultimately called those persons. However, defendant never mentioned anything about calling the codefendant, although he had a full week to produce him, and he did not request an adjournment or any other relief. Defendant's assertion that the Department of Correction failed to produce the witness in time to testify is unreviewable since defendant failed to make any such record, which was his responsibility (see People v Kinchen, 60 NY2d 772 [1983]).

Defendant's Batson argument is without merit. His challenge to the court's alibi charge is unpreserved and we decline to review it in the interest of justice. Were we to review it, we would find it to be without merit. Concur—Buckley, P.J., Marlow, Sullivan, Catterson and McGuire, JJ.