■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ELLIOTT, Appellant. [834 NYS2d 260]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered June 13, 2005, convicting him of manslaughter in the first degree, criminal possession of a weapon in the third degree, and aggravated criminal contempt, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to the police.

Ordered that the judgment is affirmed.

The defendant failed to create a record sufficient to permit appellate review of his claim that certain incriminating statements that he made to the police were obtained in violation of his right to counsel (*see People v Kinchen*, 60 NY2d 772, 773-774 [1983]; *People v Flournoy*, 303 AD2d 762 [2003]). Furthermore, the defendant's contention that those statements were obtained in violation of his right to remain silent is without merit (*see People v Stanley*, 292 AD2d 472, 473 [2002]; *People v Rumph*, 260 AD2d 156, 157 [1999]). In addition, the totality of the circumstances surrounding the making of the statements supports the hearing court's conclusion that they were voluntarily made (*see People v Huntley*, 15 NY2d 72, 78 [1965]). Accordingly, the hearing court correctly denied suppression of those statements.

The defendant's claim of ineffective assistance of counsel may, in part, not be reviewed on direct appeal because it involves matters dehors the record (*see People v Ruiz*, 36 AD3d 722 [2007]). Insofar as we are able to review the defendant's claim, the defendant was provided with meaningful representation (*see People v Benevento*, 91 NY2d 708, 714 [1998]; *People v Thomas*, 244 AD2d 271 [1997]).

The defendant's contentions with respect to his adjudication as a persistent felony offender are without merit (*see* CPL 400.20 [3]; *see also* CPLR 4518 [a]). Furthermore, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80,

85-87 [1982]). Crane, J.P., Krausman, Covello and Carni, JJ., concur.