People v Webb (2018 NY Slip Op 05343)





People v Webb


2018 NY Slip Op 05343


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2015-04318
 (Ind. No. 1747/13)

[*1]The People of the State of New York, respondent,
v
Herbert Webb, appellant.


Paul Skip Laisure, New York, NY (Anna Kou and Kendra L. Hutchinson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered May 11, 2015, convicting him of robbery in the first degree, upon a jury verdict, and sentencing him, upon his adjudication as a second violent felony offender, to a determinate term of imprisonment of 24 years.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment from a determinate term of imprisonment of 24 years to a determinate term of imprisonment of 18 years; as so modified, the judgment is affirmed.
Contrary to the People's contention, the defendant's argument that the Supreme Court violated his First Amendment right to the free exercise of his religion by denying his request to adjourn the proceedings from Thursday until Monday to accommodate his religious beliefs and practices is preserved for appellate review (see CPL 470.05[2]; cf. People v Cooper, 234 AD2d 77). Under the circumstances of this case, however, the court did not violate the defendant's First Amendment right to the free exercise of religion (see People v Cooke, 292 AD2d 167; People v Burnside, 254 AD2d 98; People v Johnson, 143 AD2d 847).
The defendant contends that the Supreme Court violated his Sixth Amendment right to confrontation by admitting the testimony of a criminalist employed by the Office of the Chief Medical Examiner of the City of New York. This contention is unpreserved for appellate review (see CPL 470.05[2]; People v Fermin, 150 AD3d 876; People v Castro, 149 AD3d 862, 865). The [*2]defense counsel objected to the People's request to admit case files prepared by the Office of the Chief Medical Examiner under the business records exception to the hearsay rule, but did not articulate any objection that the criminalist's testimony violated the Confrontation Clause (see People v Rios, 102 AD3d 473; People v Bones, 17 AD3d 689). In any event, the defendant's contention is without merit. The testifying criminalist performed her own analysis of the DNA profiles, concluded that there was a DNA match, and issued the final report, which was challenged on cross-examination (see People v John, 27 NY3d 294, 315; People v Castro, 149 AD3d 862; People v Beckham, 142 AD3d 556).
However, the sentence is excessive to the extent indicated herein.
SCHEINKMAN, P.J., ROMAN, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court