■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PROSPERO SIERRA, Appellant.—Judgment, Supreme Court, New York County (Leslie Snyder, J.), rendered March 31, 1987, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a predicate felon, to two concurrent indeterminate prison terms of from 6 to 12 years and a concurrent definite prison term of one year, unanimously affirmed.

Defendant was arrested pursuant to a "buy-and-bust" operation in which he sold two vials of crack to an undercover police officer. When defendant first approached the undercover police officer, he stated that he also had "powder". After the undercover officer confirmed defendant's identity, defendant was transported to the precinct where an arresting officer discovered a tinfoil packet containing cocaine under the rear car seat where defendant had been sitting.

Defendant's identity as the seller of the two vials of crack was proved beyond a reasonable doubt *(People v Whalen,* 59 NY2d 273). The minor discrepancy between the undercover officer's clothing description and defendant's actual appearance, as well as other inconsistencies in the People's evidence, did not preclude the jury from deciding that defendant was correctly identified as the seller. Furthermore, since the People presented evidence that the car which transported defendant to the precinct had been searched prior to defendant's arrest, the jury could reasonably infer the defendant had possessed the tinfoil packet of cocaine. Finally, whether defendant actually informed the undercover officer that he had "powder" was a question of fact for the jury, which could also lead the jury to reasonably conclude that defendant intended to sell the tinfoil packet of cocaine.

A police officer recorded the undercover officer's description of the seller on scratch paper, which was destroyed after the information was transferred to an official police form. Since defense counsel failed to request a sanction, defendant's appellate contention that the court should have imposed a sanction

is unpreserved for appellate review *(People v Albelo,* 166 AD2d 313). Furthermore, interest of justice reversal is not warranted since defendant was not prejudiced by destruction of the scratch notes *(People v Haupt,* 71 NY2d 929).

As to the arguments raised in defendant's *pro se* supplemental brief, it is beyond question that the court correctly denied defendant's request for a *Wade* hearing with regard to the officer's confirmatory identification and that the identification testimony was fully admissible at trial *(People v Wharton,* 74 NY2d 921). Furthermore, defendant's assertion that the court abused its discretion in closing the courtroom during that officer's testimony is without merit since the court determined that the officer was still operating as an undercover police officer in the same community as defendant's arrest, and closure was necessary to protect the officer's safety and the integrity of ongoing operations *(People v Jones,* 47 NY2d 409, 413, *cert denied* 444 US 946).

Finally, we decline to reduce a fully justified sentence merely because defendant is a drug addict. Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Kupferman, JJ.