■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH RAYNER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered May 10, 1988, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to controvert a search warrant.

Ordered that the judgment is affirmed.

Under the *Aguilar-Spinelli* rule *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410), when probable cause for the issuance of a warrant depends on hearsay statements, the affiant who applies for the warrant must establish that the informant was reliable and had some basis for the information he transmitted to the affiant *(see, People v Bigelow,* 66 NY2d 417; *People v Burks,* 134 AD2d 604). Here, the evidence establishes that the informant used by the detective who applied for the warrant was reliable and that the information he gave was based upon personal observations.

The defendant further asserts that the detective lied in his affidavit as to a material fact so as to create probable cause. When the credibility and accuracy of the allegations made by the affiant in a search warrant affidavit are challenged, the defendant must establish by a preponderance of the evidence that the allegations were perjurious or made with a reckless disregard for the truth *(see, Franks v Delaware,* 438 US 154; *People v Tambe,* 71 NY2d 492, 504; *People v Proctor,* 155 AD2d 624). The defendant has not sustained his burden. Mangano, P. J., Brown, Sullivan, Harwood and Miller, JJ., concur.