■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY BELL, Appellant.—Judgment unanimously affirmed. Memorandum: We reject the contention that the evidence adduced at trial was insufficient to demonstrate that defendant was the individual who, on two occasions, sold crack cocaine to an undercover police investigator. Although the testimony of the police officer and the informant was inconsistent in some respects, it was within the province of the jury to resolve those testimonial discrepancies *(see, People v Sierra,* 169 AD2d 682, *lv denied* 78 NY2d 974; *People v Walker,* 155 AD2d 916, 917, *lv denied* 75 NY2d 819). We do not find the testimony to be so inconsistent that it was incredible as a matter of law *(see, People v Shedrick,* 104 AD2d 263, 274, *affd* 66 NY2d 1015, *rearg denied* 67 NY2d 758). Thus, we conclude that the jury verdict was supported by legally sufficient evi-

dence and that it was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

By failing either to object at trial or to request the court to impose a sanction, defendant has failed to preserve for our review the contention that the police officer's destruction of a handwritten note made during the course of the first "buy" amounted to a *Rosario* violation *(see, People v Cheney,* 178 AD2d 1007, *lv denied* 79 NY2d 945; *People v Sierra, supra,* at 683). Because we conclude that defendant was not prejudiced by the inadvertent destruction of the note, we decline to reach the issue in the interest of justice *(see, People v Sierra, supra; cf., People v Haupt,* 71 NY2d 929; *People v Sandore,* 175 AD2d 660, *lv denied* 78 NY2d 1080). (Appeal from Judgment of Wayne County Court, Strobridge, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Pine, Balio, Fallon and Davis, JJ.