■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROLYN PUTSIS, Appellant. [630 NYS2d 86] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered May 9, 1991, convicting her of manslaughter in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant, who was driving while intoxicated, became involved in an automobile accident that resulted in fatal injuries to a 21-year-old woman. There is no merit to the defendant's contention that the results of her blood alcohol test should have been suppressed because the warrant directing the test was improperly obtained. The defendant did not meet her burden of establishing by a preponderance of the evidence that the police officer who applied for the blood-alcohol-test warrant intentionally or recklessly misrepresented the facts (*see, Franks v Delaware*, 438 US 154, 165; *People v Tambe*, 71 NY2d 492, 504). While it is true that the court which issued the warrant was not advised that, initially, the defendant's companion had been arrested based on his claim that he had been driving, the hearing court correctly concluded that this fact was immaterial. Based on the totality of the circumstances

as related to the court at the time the application for the warrant was made, namely, information the affiant obtained from witnesses, his investigation at the crime scene, and his personal observation of the defendant's condition, there was probable cause to justify issuance of the warrant.

We have reviewed the defendant's remaining contention and find it to be without merit. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.