■ The People of the State of New York, Respondent, v Calixto Hojas, Appellant. [706 NYS2d 349] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered November 25, 1998, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence established that the defendant exercised a sufficient level of control over the back room of his store to support the jury's finding that he had constructive possession of the eight packets of cocaine that were found inside a flowerpot in that room (*see,* Penal Law § 10.00 [8]; *People v Manini,* 79 NY2d 561; *cf., People v Pearson,* 75 NY2d 1001). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention that the trial court should have given a circumstantial evidence charge is unpreserved for appellate review since the defendant failed to request such a charge or object to the charge as given (*see,* CPL 470.05 [2]). We decline to review the issue in the exercise of our interest of justice jurisdiction.

The Supreme Court properly exercised its discretion when it summarily denied the defendant's motion pursuant to CPL article 330 to set aside the verdict on the ground of newly-discovered evidence, i.e., an affidavit of a friend and former employee who claimed to have secreted the drugs without the defendant's knowledge. The defendant failed to demonstrate in his motion papers that with due diligence this new evidence

could not have been produced by him at the trial (*see,* CPL 330.30 [3]). Joy, J. P., Thompson, Krausman and Goldstein, JJ., concur.