■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE HENDRIX, Appellant. [748 NYS2d 107] —Appeal from a judg-

ment of Erie County Court (Drury, J.), entered March 22, 2000, convicting defendant after a jury trial of, inter alia, criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reducing the term of incarceration imposed on the second count of the indictment to 2⅓ to 7 years and as modified the judgment is affirmed.

Memorandum: Defendant contends that County Court erred in denying his motion to dismiss the first and fourth counts of the indictment at the close of the People's case (*see* CPL 290.10 [1]). Defendant, however, presented evidence after the court denied his motion and thus waived "subsequent review of that determination" (*People v Hines,* 97 NY2d 56, 61, *rearg denied* 97 NY2d 678; *see People v Grantier,* 295 AD2d 988). The court properly denied defendant's motion to suppress physical evidence seized by the police pursuant to a search warrant. The information supplied by the confidential informant, who testified under oath before the issuing magistrate, was sufficient to establish probable cause (*see People v Marshall,* 13 NY2d 28, 34-35). Defendant failed to preserve for our review his contention that the court erred in failing to impose a sanction upon the People for losing the electronic scale seized pursuant to the search warrant (*see People v Sierra,* 169 AD2d 682, 682-683, *lv denied* 78 NY2d 974). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). We conclude, however, that the sentence imposed on the count of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]) is illegal (*see* § 70.00 [2] [d]; [3] [b]). We therefore modify the judgment by reducing the term of incarceration imposed on the second count of the indictment to 2⅓ to 7 years. The sentence as modified is not unduly harsh or severe. Present—Green, J.P., Wisner, Scudder, Burns and Lawton, JJ.