■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE RUSSELL, Appellant. [770 NYS2d 252]—

Appeal from a judgment of Supreme Court, Erie County (Buscaglia, J.), entered May 8, 2001, convicting defendant after a nonjury trial of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a bench trial of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). Defendant contends that Supreme Court erred in refusing to suppress the evidence seized as a result of the search warrant because the warrant was not issued upon probable cause and was based upon material false representations by a police affiant. We disagree. Defendant failed to meet his burden of establishing during the *Franks* hearing (*see Franks v Delaware,* 438 US 154 [1978]) that the police affiant made false statements knowingly and intentionally or with reckless disregard for the truth (*see People v Tambe,* 71 NY2d 492, 504 [1988]). In any event, the record supports the court's further determination that probable cause existed even without considering the challenged statements in the warrant application (*see id.* at 505; *People v Hernandez,* 247 AD2d 912, 913 [1998], *lv denied* 91 NY2d 1008 [1998]). "The information supplied by the confidential informant, who testified under oath before the issuing magistrate, was sufficient to establish probable cause" (*People v Hendrix,* 298 AD2d 951, 952 [2002], *lv denied* 99 NY2d 536 [2002]; *see People v Williams,* 249 AD2d 343, 344 [1998], *lv denied* 92 NY2d 883 [1998]).

Defendant further contends that the conviction is not supported by legally sufficient evidence because the People failed to establish his constructive possession of the cocaine that was found in the trunk of a vehicle. We reject that contention. Defendant's friend testified that she registered and insured the vehicle for defendant, but she never had the keys to the vehicle. She gave defendant the registration, certificate of title, and insurance card for the vehicle. The keys and certificate of title for the vehicle were found inside defendant's apartment. In the ve-

hicle itself, the police found several personal effects of defendant, including his driver's license, social security card, and work identification badge. That evidence is legally sufficient to establish that defendant had constructive possession of the cocaine found in the trunk of the vehicle (*see People v Mallory*, 234 AD2d 913, 914 [1996], *lv denied* 89 NY2d 1013 [1997]). The verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant failed to preserve for our review his contention that the court erred in allowing opinion testimony on the ultimate issue of possession with intent to sell (*see People v Perryman*, 266 AD2d 888 [1999], *lv denied* 94 NY2d 924 [2000]). In any event, any error in the admission of that testimony is harmless (*see id.*; *People v Williams*, 224 AD2d 725 [1996], *lv denied* 88 NY2d 855 [1996]; *People v Goodwine*, 177 AD2d 708, 709 [1991], *lv denied* 79 NY2d 920 [1992]). Present—Pine, J.P., Wisner, Hurlbutt, Kehoe and Hayes, JJ.