The People of the State of New York, Respondent, v William Nunziata, Appellant. [782 NYS2d 97]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered May 14, 2002, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly concluded that there was no basis to suppress the evidence seized from his home pursuant to a search warrant. It was the defendant's burden at the *Franks* hearing (*see Franks v Delaware*, 438 US 154 [1978]) to establish, by a preponderance of the evidence, that the police detective who prepared the warrant application made false statements knowingly and intentionally or with reckless disregard for the truth (*see People v Tambe*, 71 NY2d 492, 504 [1988]; *People v Putsis*, 217 AD2d 670 [1995]; *People v Rayner*, 171 AD2d 820 [1991]). Although the confidential informant testified at the hearing that she did not make certain statements which the detective attributed to her in the warrant application, the hearing court found that her testimony was not credible. This credibility assessment is entitled to great weight on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Simpson*, 5 AD3d 613 [2004], *lv denied* 2 NY3d 806 [2004]). Since the decision not to credit the informant's hearing testimony is supported by the record, the defendant failed to meet his burden of establishing that the challenged statements in the warrant application were perjurious or made with a reckless disregard for the truth (*see People v Russell*, 2 AD3d 1455, 1456 [2003], *lv denied* 2 NY3d 745 [2004]; *People v Seybold*, 229 AD2d 915 [1996]; *People v Rayner, supra; People v Williams*, 119 AD2d 606, 607 [1986]). In any event, the record supports the hearing court's further determination that probable cause for the issuance of the warrant existed even without considering the statements which allegedly were falsely

attributed to the informant in the application (*see People v Tambe, supra* at 505; *People v Russell, supra; People v Hernandez*, 247 AD2d 912, 913 [1998]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the defendant was in constructive possession of the cocaine seized from a room in his home, and thus guilty of criminal possession of a controlled substance in the first degree (*see* Penal Law § 10.00 [8]; *People v Manini*, 79 NY2d 561, 573 [1992]; *People v Hojas*, 271 AD2d 547 [2000]; *People v Manson*, 257 AD2d 580 [1999]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Smith, J.P., Krausman, Crane and Spolzino, JJ., concur.