■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN JENKINS, Appellant. [818 NYS2d 299]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brennan, J.), rendered December 1, 2004, convicting him of criminal possession of a weapon in the third

degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Mangano, Jr., J.), of that branch of the defendant's omnibus motion which was to suppress certain physical evidence seized pursuant to a search warrant.

Ordered that the judgment is affirmed.

Although the defense witness testified at a pretrial hearing to controvert a search warrant that he did not make certain statements a detective attributed to him in the warrant application, the hearing court implicitly found that his testimony was not credible. This credibility assessment is entitled to great weight on appeal and will not be disturbed unless clearly unsupported by the record (see People v Nunziata, 10 AD3d 695, 696 [2004]). Since the decision not to credit the defense witness's hearing testimony is supported by the record, the defendant failed to meet his burden of establishing that the detective's statements in the warrant application were perjurious or made with a reckless disregard for the truth (see Franks v Delaware, 438 US 154, 155-156 [1978]; People v Tambe, 71 NY2d 492, 504 [1988]). Moreover, any doubt as to whether the allegations in the detective's affidavit were perjurious "should be resolved in favor of the warrant since those allegations have already been examined by a judicial officer in issuing a warrant" (People v Alfinito, 16 NY2d 181, 186 [1965]). Crane, J.P., Krausman, Mastro and Dillon, JJ., concur.