OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
In 1967 the defendant shot and killed a neighbor in the presence of the victim’s wife and six-year-old daughter. At the scene the police recovered the weapon and cartridges, and questioned the defendant who admitted the shooting. The prosecutor later obtained a statement from the defendant which was transcribed by a court reporter. The defendant was indicted for murder but was found mentally incompetent for trial (CPL art 730) and was confined to mental institutions for 16 years. In 1983 he was found competent to stand trial, and after a trial before a jury was convicted of murder and sentenced to life imprisonment.
On this appeal the defendant’s primary contention is that the conviction should be set aside and the indictment dismissed because the People lost or destroyed certain evidence in the 16 years that elapsed between the shooting and the trial. He claims that the loss of this evidence deprived him of due process and a fair trial and impaired his right to cross-examine witnesses by use of their prior statements.
At trial the People conceded that certain evidence was no longer available: the weapon and cartridges had been destroyed by the police department after five years in accordance with standard procedure, a police officer had destroyed his notebook when he retired two years after the shooting, and police reports as well as the defendant’s statement to the prosecutor after his arrest could not be located despite an extensive search. The trial court found that the People had acted in good faith and that the evidence had been lost or destroyed through inadvertence.
Initially we note that the defendant is not entitled to dismissal of the indictment simply because the People’s inadvertence deprived him of statements made by witnesses who testified at trial. This is not a case where the prosecution inadvertently neglected to turn over statements in their possession or within their power to produce, in which case we have recently held the conviction should be reversed and a new trial ordered (People v Ranghelle, 69 NY2d 56). Here the People were unable to produce the evidence because it had *931 been inadvertently destroyed, prior to trial. Ordering a new trial will not restore the lost evidence and, in fact, because of this the defendant urges that the indictment be dismissed.
The loss or destruction of evidence prior to trial does not necessarily require dismissal of the charge and indeed dismissal is considered a drastic remedy rarely invoked as an appropriate sanction for the People’s failure to preserve evidence (People v Kelly, 62 NY2d 516; cf., People v Jenkins, 41 NY2d 307). When, as here, the defendant claims that the loss of the evidence deprived him of a fair trial, the court must consider a number of factors including the proof available at trial, the significance of the missing evidence and whether the loss was intentional or inadvertent (see, e.g., People v Jenkins, supra).
The crucial issue at this trial was whether the defendant was legally sane at the time of the shooting. On this point both sides submitted a substantial amount of evidence concerning the defendant’s mental state before and after the shooting, including evidence gathered during his extensive institutionalization between the shooting and the trial. The lost evidence had little or no relevance to this issue. To the extent that it might have a bearing on the jury’s assessment of the defendant’s mental state at the time of the shooting, defense counsel on cross-examination and later on summation, noted its absence and emphasized the People’s responsibility for its loss and the potential impact on the defense (United States v Miranda, 526 F2d 1319, 1328-1329, cert denied 429 US 821). The fact that the People lost the evidence through inadvertence, does not excuse the loss but on this record the defendant was not entitled to the "drastic remedy” of dismissal of the charge (People v Kelly, 62 NY2d 516, 521, supra; cf., People v Jenkins, supra; see also, People v Martinez, 71 NY2d 937 [decided herewith]).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.