■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RALPH RIGAUD, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Deeley, J.), entered August 11, 1987, which (1) granted, without a hearing, that branch of the defendant's omnibus motion which was to suppress physical evidence and (2) granted the defendant's motion to dismiss the indictment.

Ordered that the order is reversed, on the law, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a hearing on that branch of the defendant's omnibus motion which was to suppress physical evidence consistent herewith.

The People allege that at about 11:42 P.M. on May 11, 1985, Detective Richard Brown observed the defendant in possession of a handgun. It was a loaded and operable .25 caliber automatic gun and was recovered from the defendant by Police Officer Mark Hamilton, who placed him under arrest.

On April 2, 1987, a *Mapp* hearing was held. Prior to calling former Detective Brown the prosecutor stated that the only *Rosario* material that the detective had ever made was an

entry in his memo book which he had discarded upon his retirement from the Police Department in 1985. The hearing court noted that in *People v Ranghelle* (69 NY2d 56) the Court of Appeals stated that the prosecution's failure to deliver *Rosario* material to the defense constituted per se error requiring that the conviction be reversed. On the strength of *People v Ranghelle (supra),* and without the detective's testimony, the hearing court granted that branch of the defendant's omnibus motion which was to suppress the physical evidence against him. It thereupon granted the defendant's motion to dismiss the indictment.

The hearing court's order must be reversed. The Court of Appeals has described three types of *Rosario* violations: when the prosecution delays in disclosing such material, when they fail to disclose it even though it is in their possession, and when the material has been lost or destroyed *(People v Martinez,* 71 NY2d 937, 940; *see also, People v Haupt,* 71 NY2d 929). Since, in the instant case, the detective destroyed the *Rosario* material, it is apparent that the facts of this case fit within the third category. The Supreme Court is therefore obligated to determine whether the prosecution failed to exercise care to preserve the material and whether the defendant was prejudiced thereby. If so, the Supreme Court must impose an appropriate sanction *(People v Martinez, supra,* at 940). Kunzeman, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.