■ In the Matter of CHRISTIAN M., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order, Family Court, New York County (Judith Sheindlin, J., at fact finding and disposition), entered February 22, 1989, which, after a fact-finding hearing, found that defendant committed an act which if done by an adult would constitute criminal possession of a controlled substance in the third degree, adjudicated defendant a juvenile delinquent, and placed him with a New York State Division for Youth Title III facility for a period of 18 months, unanimously affirmed, without costs.

Defendant's main point on this appeal is that he was denied a fair trial when it appeared that the arresting officer's memorandum book pertaining to the period of defendant's arrest was inadvertently lost, together with the "negligent" loss of a copy of the pertinent memo book entry by the presentment agency. As a result, defendant urges total preclusion of the officer's testimony, a drastic remedy which, since the officer was the sole witness to the crime, would necessitate dismissal of the petition.

We reject this contention and affirm. Family Court, after a separate *Rosario (People v Rosario,* 9 NY2d 286) and a futile

reconstruction hearing, properly drew a negative inference in the course of its fact-finding hearing against petitioner by reason of the lost memorandum. This was the appropriate lesser sanction to adopt *(People v Martinez,* 71 NY2d 937, 940; *People v Haupt,* 71 NY2d 929; *People v Kelly,* 62 NY2d 516), especially since the paperwork simultaneously prepared by the officer shortly after defendant's arrest, namely, the complaint report and the officer's deposition annexed to the petition, furnished defendant with the substance of the missing memorandum and reduced the possibility of prejudice to the vanishing point.

We also find ample proof in the record to sustain Family Court's finding of guilt. Concur—Murphy, P. J., Milonas, Ellerin, Wallach and Rubin, JJ.