■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERVE RIVIERE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered November 30, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested in a so-called "buy and bust" operation after he had allegedly sold two vials of cocaine to an undercover police officer. When he was arrested, the defendant was found with $10 of prerecorded money, as well as an additional $55 in United States currency on his person.

We reject the defendant's contention that he was entitled to an adverse inference charge for the People's destruction of the two vials as well as the envelopes in which they were placed. The determination of what is an appropriate sanction for the destruction of discoverable evidence is committed to the trial court's sound discretion, and while the degree of prosecutorial fault may be considered, the courts' attention should focus primarily on the overriding need to eliminate prejudice to the defendant (see, People v Martinez, 71 NY2d 937; People v Kelly, 62 NY2d 516; People v Saddy, 84 AD2d 175). We conclude that there was no prejudice to the defendant, and thus, the court properly exercised its discretion in not imposing a sanction. The record clearly establishes that the destruction was inadvertent and the prosecutor did not act in bad faith. Additionally, the defendant never requested the vials until the day of trial nor challenged that they did in fact

contain cocaine. Thus, his belated claim of prejudice is unpersuasive *(see, People v Allgood,* 70 NY2d 812; *People v Deresky,* 134 AD2d 512; *People v Henderson,* 123 AD2d 883). Moreover, defense counsel had ample opportunity to cross-examine the People's witness, including the laboratory technician who tested the contents of the vials, to challenge their contents as well as chain of custody.

We also reject the defendant's claimed *Rosario* violations. The material which was not turned over did not relate to the subject matter of any witness's testimony *(see,* CPL 240.45 [1] [a]), and the late disclosure of other material did not cause the defendant substantial prejudice *(see, People v Jones,* 70 NY2d 547; *People v Ranghelle,* 69 NY2d 56; *see also, People v Martinez,* 71 NY2d 937, *supra).*

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Kooper, Harwood and Miller, JJ., concur.