■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE PEREZ, Appellant. [681 NYS2d 550] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered March 27, 1997, convicting him of kidnaping in the second degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no error in the trial court's refusal to sanction the People for the destruction of a surveillance videotape prior to trial. There was no showing of bad faith on the part of the People, and the evidentiary value of the videotape was questionable. Photographs of two frames from the videotape were admitted into evidence, and there was testimony that the quality of these photographs equaled that of the videotape. Defense counsel explored the destruction of the videotape both

in cross-examination and in summation. Given the minimal prejudice to the defendant, the court did not improvidently exercise its discretion in declining to sanction the People (*see, People v Daly,* 186 AD2d 217; *People v McIntosh,* 184 AD2d 662).

It was not improper for the trial court to curtail cross-examination of a prosecution witness regarding prior bad acts of which the witness had been accused, inasmuch as the witness had alerted the court to his intention to invoke his privilege against self-incrimination (*see, People v Thomas,* 51 NY2d 466, 472-473; *People v Sapia,* 41 NY2d 160, 163-164, *cert denied* 434 US 823; *People v Starr,* 213 AD2d 758).

The defendant's remaining contentions are either unpreserved for appellate review (*see,* CPL 470.05 [2]), or without merit. Rosenblatt, J. P., Copertino, McGinity and Luciano, JJ., concur.