■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK BERRY, Appellant. [688 NYS2d 568] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered August 20, 1996, convicting him of criminal possession of stolen property in the fourth degree, illegal possession of a vehicle identification number, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the trial court improvidently exercised its discretion by failing to impose sanctions for the People's failure to preserve a license plate that was attached to the stolen van at the time of his arrest, is raised for the first time on appeal, and therefore, is not preserved for appellate review (*see,* CPL 470.05 [2]; *People v Buckley,* 75 NY2d 843, 846; *People v Edwards,* 179 AD2d 511, 513-514).

In any event, the defendant's claim is without merit. The evidence adduced at trial established that after the defendant's arrest, the van and the license plate attached thereto, were transported to the 110th Police Precinct, where the license plate was vouchered and photographed. However, sometime thereafter, an unknown thief stole the van along with the license plate. Although the actual license plate was not available at trial, the defendant stipulated to the admission into evidence of the photograph and had the opportunity to cross-examine the People's witnesses as to it. Since, under these circumstances, there is no evidence of bad faith by the People and no showing of prejudice to the defendant, the trial court was not required to impose sanctions (*see, People v Haupt,* 71 NY2d 929; *People v Bay,* 67 NY2d 787; *People v Kelly,* 62 NY2d

516; *People v Perez,* 255 AD2d 403; *People v Lulenski,* 193 AD2d 817, 818; *People v Daly,* 186 AD2d 217; *People v McIntosh,* 184 AD2d 662). S. Miller, J. P., Santucci, Sullivan and Florio, JJ., concur.