■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE HOLMAN, Appellant. [724 NYS2d 449] —Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (Ferdinand, J.), rendered June 24, 1996, convicting him of robbery in the first degree (two counts), assault in the second degree, and criminal possession of a weapon in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

In cases where *Rosario* material (*see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) cannot be produced because it has been lost or destroyed, the trial court must consider a number of factors, including the proof available at trial, the significance of the missing evidence, and whether the loss was intentional or inadvertent (*see, People v Banch,* 80 NY2d 610; *People v Martinez,* 71 NY2d 937; *People v Haupt,* 71 NY2d 929). Depending on the degree of prosecutorial fault and the resulting prejudice to the defendant, the trial court must then impose an appropriate sanction (*see, People v Banch, supra*), basing its determination primarily on the overriding need to eliminate prejudice to the defendant (*see, People v Martinez, supra,* at 940).

Here, although the loss of a police officer's memo book was inadvertent and not the result of the People's failure to exercise due care, the defendant was prejudiced because identification was a central issue in the case and the memo book would have been helpful to him in cross-examining the officer (*see, People v Wallace,* 76 NY2d 953; *People v Anderson,* 222 AD2d 442). Accordingly, the trial court erred in refusing to impose any sanction, and a new trial is required in light of this prejudicial error.

The defendant's remaining contentions are without merit. Altman, J. P., Friedmann, Goldstein and Cozier, JJ., concur.