90 AD2d 80). O'Brien, J. P., Luciano, Smith and Crane, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT NEILSSEN, Appellant. [730 NYS2d 869] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered July 20, 1998, convicting him of sexual abuse in the first degree (six counts), sexual abuse in the second degree (three counts), sexual abuse in the third degree, sodomy in the first degree (five counts), sodomy in the second degree (two counts), sodomy in the third degree (three counts), use of a child in a sexual performance (four counts), unlawful imprisonment in the second degree (two counts), rape in the third degree, and endangering the welfare of a child, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's knowing, voluntary, and intelligent waiver of his right to appeal encompasses the double jeopardy claim he raises on appeal (see, People v Muniz, 91 NY2d 570). Altman, J. P., Goldstein, McGinity and Cozier, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE OGE, Appellant. [730 NYS2d 869] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Silverman, J.), rendered April 17, 1998, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the cumulative evidence presented at the *Sirois* hearing (see, *Matter of Holtzman v Hellenbrand,* 92 AD2d 405), and the inferences that logically flow therefrom were sufficient to support the Supreme Court's determination, under the clear and convincing evidence standard, that the defendant's misconduct caused the complainant's unavailability to testify at trial (see, *People v Geraci,* 85 NY2d 359, 370; *cf., People v Hamilton,* 70 NY2d 987). Accordingly, the Supreme Court properly allowed the use of the complainant's Grand Jury testimony as part of its direct case. Furthermore, the complainant's Grand Jury testimony had sufficient indicia of reliability to permit its admission at the trial (see, *People v Cotto,* 92 NY2d 68, 78; *People v Tuzzio,* 201 AD2d 595; *People v Small,* 177 AD2d 669).

The sentence imposed was not excessive (see, *People v Suitte,* 90 AD2d 80). O'Brien, J. P., Luciano, Smith and Crane, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN OWENS, Appellant. [731 NYS2d 48] —Appeal by the de-

fendant from a judgment of the County Court, Putnam County (Miller, J.), rendered January 10, 2001, convicting him of assault in the third degree, upon a jury verdict, and sentencing him to a determinate term of one year imprisonment plus restitution in the amount of $485.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment to a determinate term of six months; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Putnam County, for further proceedings pursuant to CPL 460.50 (5).

For approximately one year, the defendant and the complainant had an "on and off" romantic relationship. According to the complainant, on August 1, 1999, the defendant physically assaulted her in his apartment after she indicated to him that she would reconcile with her former husband, and move in with him. Although on a tape-recorded call to the 911 emergency telephone number, admitted into evidence, the defendant admitted to beating the complainant, at trial the defendant denied ever doing so. According to his trial testimony, the complainant was upset after he refused to permit her to move in with him. He claimed that she was highly intoxicated and sustained her injuries when she allegedly fell on her own, after he removed the complainant from his apartment. During the course of the trial, the defendant further testified that on the day after the incident, the complainant left a number of threatening messages on his answering machine, including one message in which she purportedly stated that she would drop the charges against him, and "tell the truth" if he allowed her to move in with him. This tape was given to the police by the defendant who wanted the complainant arrested for aggravated harassment. However, prior to any requests for the return of the tape by the defendant, the police destroyed the tape.

The defendant contends that the trial court erred in denying his motion for dismissal of the indictment as a sanction for the destruction of that tape. The record supports the trial court's finding that the destruction of the tape by the police was done only after the defendant stated that he would not proceed with charges against the complainant. Therefore, the destruction was not done in bad faith. Moreover, the exculpatory value of the tape recording, in light of the other evidence at trial, was speculative at best. Indeed, the defendant was given the opportunity to cross-examine the complainant about the alleged telephone message, testify about it in detail during his direct examination, and comment on the destruction of the tape by

the police during summation. Accordingly, the trial court providently exercised its discretion by refusing to dismiss the indictment as a sanction against the People (*see, People v Haupt,* 71 NY2d 929; *People v Bay,* 67 NY2d 787; *People v Kelly,* 62 NY2d 516; *People v Berry,* 260 AD2d 497; *People v Lulenski,* 193 AD2d 817, 818; *People v Daly,* 186 AD2d 217; *People v McIntosh,* 184 AD2d 662; *People v Scattareggia,* 152 AD2d 679, 680).

Also without merit is the defendant's claim that the prosecutor's removal of the 911 tape admitted into evidence to review it in preparation for summation amounted to misconduct warranting the reversal of his conviction. The record supports the finding by the trial court that to the extent there was any impropriety in the prosecutor's conduct, there is no showing of prejudice to the defendant or deprivation of his right to a fair trial (*see,* CPL 280.10; *People v Magee,* 254 AD2d 825). It was established at trial that there was no question as to the identity of the persons on the 911 tape, or to the accuracy of the conversation that was recorded. Moreover, the defendant conceded that the tape was not tampered with while in the possession of the prosecutor (*see, People v Portanova,* 56 AD2d 265, 271).

The sentence imposed was excessive to the extent indicated herein. Santucci, J. P., Florio, H. Miller and Townes, JJ., concur.