■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNATHAN RICE, Appellant. [834 NYS2d 254]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered May 13, 2004, convicting him of robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.

Ordered that the judgment is affirmed.

The defendant improperly relies upon trial testimony to challenge the hearing court's determination denying suppression of the showup identification evidence. " 'Where, as here, the defendant fails to move to reopen a suppression hearing, he or she may not rely upon the trial testimony to challenge the suppression ruling' " (*People v Crosby,* 33 AD3d 719, 720 [2006], *lv denied* 8 NY3d 845 [2007], quoting *People v Gold,* 249 AD2d 414, 415 [1998]; *see People v Abrew,* 95 NY2d 806 [2000]). In any event, the defendant's contention is without merit. The showup took place within 30 minutes of the crime and less than one mile away from the crime scene. The factual circumstances represent one unbroken chain of events—crime, escape, pursuit, apprehension, and identification—all of which occurred in rapid sequence within a limited geographic area (*see People v Mitchell,* 185 AD2d 249 [1992]). Accordingly, the showup was not unduly suggestive, notwithstanding that the defendants were handcuffed and in the presence of uniformed officers (*see People v Gilyard,* 32 AD3d 1046 [2006], *lv denied* 8 NY3d 846 [2007]; *People v Loo,* 14 AD3d 716 [2005]; *People v Pierre,* 2 AD3d 461 [2003]; *see also People v Colson,* 148 AD2d 626 [1989]).

The court did not improvidently exercise its discretion in denying the defendant's request for an adverse inference charge. Where a defendant claims that the loss of evidence deprived him of a fair trial, the court must consider a number of factors including the proof available at trial, the significance of the missing evidence, and whether the loss was intentional or inadvertent (*see People v Haupt,* 71 NY2d 929, 931 [1988]; *People v Holman,* 283 AD2d 440 [2001]). The court's determination of an appropriate sanction must be based primarily on the need to

eliminate prejudice to the defendant (*see People v Holman, supra*). The record shows that the defendant was not prejudiced by the loss of the evidence at issue.

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Santucci, J.P., Krausman, Lifson and Dillon, JJ., concur.