Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered August 10, 2011, convicting him of rape in the first degree (two counts), sexual abuse in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that the evidence was not legally sufficient to support his convictions is not preserved for appellate review, as defense counsel merely made a general motion for a trial order of dismissal at the close of the People’s case (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Devers, 82 AD3d 1261 [2011]). In any event, viewing the evidence in the light most favorable to the People (see People *884 v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish his guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to all of the convictions was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The loss or destruction of evidence prior to trial does not necessarily require imposition of a sanction (see People v Haupt, 71 NY2d 929, 931 [1988]). Where, as here, the defendant claims that the loss of evidence deprived him of a fair trial, “the court must consider a number of factors including the proof available at trial, the significance of the missing evidence and whether the loss was intentional or inadvertent” (id. at 931; see People v Rice, 39 AD3d 567 [2007]). In this case, the People established that certain text messages on the complainant’s cell phone which were allegedly sent to her by the defendant were inadvertently lost when the battery was removed from the phone so that the officer inventorying the phone could copy the phone’s serial number. An employee of T-Mobile, the company that provided the complainant’s cell phone service, testified that the company was aware of a unique defect in this model of phone which resulted in the loss of data when the battery was removed. Thus, the evidence was not destroyed in bad faith (see People v Owens, 287 AD2d 469, 470 [2001]), and under all of the circumstances of this case, the County Court providently exercised its discretion in denying the defendant’s request for an adverse inference charge with respect to the lost evidence (see People v Rice, 39 AD3d 567 [2007]).
The defendant’s contention that certain expert testimony invaded the province of the jury and was therefore improperly admitted into evidence is not preserved for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19 [1995]). In any event, since the expert’s opinion that a tear in the complainant’s hymen was consistent with prior penile penetration concerned matters beyond the ken of the average juror, the subject of the testimony was not improper (see People v Sparman, 202 AD2d 452 [1994]; see also People v Shepard, 259 AD2d 775, 777 [1999]; People v White, 237 AD2d 931 [1997]).
Contrary to the defendant’s contention, the County Court did *885 not impermissibly punish the defendant for exercising his right to proceed with trial by imposing a sentence which was harsher than the one he rejected during plea negotiations (see People v Robinson, 84 AD3d 1277, 1277-1278 [2011]; People v Price, 256 AD2d 596, 597 [1998]; cf. People v Simmons, 29 AD3d 1024 [2006]; People v Morton, 288 AD2d 557 [2001], cert denied 537 US 860 [2002]; People v Cosme, 203 AD2d 375 [1994]). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 86 [1982]). Dillon, J.P., Leventhal, Hall and Austin, JJ., concur.