■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE HESTER, Appellant. [996 NYS2d 353]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garnett, J.), rendered February 14, 2013, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court did not improvidently exercise its discretion in denying the defendant's request for an adverse inference charge as a sanction for the People's failure to produce an imitation gun at trial. The People showed that the imitation gun was stored at the property clerk's Erie Basin facility in Red Hook, Brooklyn, and could not be produced at trial because of the flooding and subsequent contamination of the facility caused by Hurricane Sandy. Further, although the imitation gun was not available at trial, a photograph of it was admitted into evidence and the defendant's counsel had ample opportunity to cross-examine the People's witnesses as to the appearance of the imitation gun and the photograph. Additionally, defense counsel explored the unavailability of the gun both during cross-examination and summation. Since the People did not act in bad faith and the defendant was not prejudiced by the People's failure to produce the gun at trial, the court did not improvi-

dently exercise its discretion in declining to give an adverse inference charge (*see People v Rice*, 39 AD3d 567, 568-569 [2007]; *People v Berry*, 260 AD2d 497, 497-498 [1999]; *People v Perez*, 255 AD2d 403, 403-404 [1998]).

The defendant's contention that a certain detective's testimony regarding the complainant's show-up identification of the defendant constituted improper bolstering and deprived him of a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Walker*, 70 AD3d 870, 871 [2010]; *People v Leon*, 61 AD3d 776, 777 [2009]; *People v Norris*, 5 AD3d 796, 797 [2004]) and, in any event, without merit. The People laid the proper foundation for such testimony pursuant to CPL 60.25 (*see generally People v Patterson*, 93 NY2d 80, 82 [1999]; *People v Quevas*, 81 NY2d 41, 45 [1993]; *People v Bayron*, 66 NY2d 77, 81 [1985]). Eng, P.J., Dillon, Duffy and Barros, JJ., concur.