■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER JACKSON, Appellant. [23 NYS3d 577]—Appeals by the defendant from (1) a judgment of the County Court, Westchester County (Adler, J.), rendered July 12, 2013, convicting him of unlawful possession of marijuana (two counts), upon a jury verdict, and imposing sentence, and (2) a resentence of the same court imposed October 31, 2013.

Ordered that the judgment and the resentence are affirmed.

At trial, the County Court gave an adverse inference charge permitting the jury to consider the People's failure to preserve certain physical evidence in determining the weight to be given to their witnesses' testimony. The defendant contends that this adverse inference charge was inadequate to remedy the

prejudice caused to him by the People's failure to preserve the evidence. "The loss or destruction of evidence prior to trial does not necessarily require imposition of a sanction" (*People v Seignious*, 114 AD3d 883, 884 [2014]). "The court's determination of an appropriate sanction must be based primarily on the need to eliminate prejudice to the defendant" (*People v Rice*, 39 AD3d 567, 568-569 [2007]). Contrary to the defendant's contention, the court providently exercised its discretion in giving the adverse inference charge, as the charge given was sufficient to dispel any prejudice (*see People v Gibbs*, 85 NY2d 899, 900-901 [1995]; *People v Hernandez*, 25 AD3d 566, 566-567 [2006]; *People v Hardy*, 274 AD2d 591 [2000]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Mastro, J.P., Dickerson, Miller and Maltese, JJ., concur.