■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL IGNACIO, Appellant. [48 NYS3d 754]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered April 4, 2013, convicting him of murder in the second degree (five counts), assault in the first degree, assault in the second degree (nine counts), and arson in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in denying the defendant's request for an adverse inference charge as a sanction for the People's inability to produce remnants of a baby carriage at trial. The People demonstrated that the evidence had been stored at the property clerk's Kingsland Evidence Facility in Greenpoint, Brooklyn, and could not be produced at trial because of flooding and contamination of that facility caused by Hurricane Sandy. Moreover, the defendant failed to demonstrate that he suffered any prejudice as a result of the People's inability to produce the carriage remnants. Photographs of the carriage remnants were introduced at trial, affording defense counsel the opportunity

to cross-examine the People's witnesses with respect to its appearance and identity. Defense counsel was also able to cross-examine the criminologist who performed a substance analysis on the carriage remnants regarding his findings of the presence of an ignitable liquid. Since the People did not act in bad faith and the defendant was not prejudiced by the People's failure to produce the evidence at trial, the court did not improvidently exercise its discretion in declining to give an adverse inference charge (*see People v Handy*, 20 NY3d 663 [2013]; *People v Austin*, 134 AD3d 559 [2015]; *People v Hester*, 122 AD3d 880, 880-881 [2014]; *People v Rice*, 39 AD3d 567 [2007]).

The defendant's contention that the evidence was legally insufficient to establish that eight firefighters who responded to the scene suffered a "physical injury" (Penal Law § 10.00 [9]) to support his convictions of assault in the second degree as charged under counts 8, 9, 10, 11, 13, 14, 15, and 16, is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt on each disputed count (*see People v Danielson*, 9 NY3d 342, 349 [2007]; *People v Perry*, 122 AD3d 775 [2014]; *People v Kenner*, 77 AD3d 853 [2010]; *People v Wade*, 41 AD3d 288 [2007]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence with regard to counts 8, 9, 10, 11, 13, 14, 15, and 16 (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on each of those counts was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.