■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIUS LOWERY, Appellant. [55 NYS3d 292]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered May 16, 2013, convicting him of attempted murder in the first degree (two counts), attempted murder in the second degree (two counts), reckless endangerment in the first degree, attempted assault in the first degree (two counts), attempted aggravated assault on a police officer (two counts), burglary in the first degree, robbery in the first degree (two counts), robbery in the second degree (two counts), criminal possession of a weapon in the second degree (two counts), grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, criminal possession of stolen property in the fifth degree (two counts), unauthorized use of a vehicle in the first degree, and unlawful fleeing a police officer in a motor vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions of attempted murder in the second degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant, who was tried together with a codefendant, stole a car, committed a home invasion, robbed a woman on the street, and then shot at police out the car window while his codefendant led the police on a vehicular chase through South Ozone Park and South Jamaica, Queens. The codefendant was apprehended on foot after the men abandoned the car; the defendant was arrested at home later the same day. After a trial, the jury found the defendant guilty of numerous offenses.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Danielson*, 9 NY3d 342, 349 [2007]), including his identity as one of the participants in the offenses (*see People v Jackson*, 8 NY3d 869, 870 [2007]; *People v Schulz*, 4 NY3d 521, 530 [2005]; *People v Arroyo*, 54 NY2d 567, 578 [1982]) and his possession of the requisite intent for the charges of which he was convicted (*see People v Casseus*, 120 AD3d 828 [2014]; *People v Vasser*, 97 AD3d 767 [2012]; *People v Lewis*, 72 AD3d 705, 706-707 [2010]; *People v Diggs*, 56 AD3d 795, 796 [2008]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Kancharla*, 23 NY3d 294 [2014]; *People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in limiting the scope of evidence introduced by the defense regarding a third party's potential culpability for the charged crimes (*see People v Powell*, 27 NY3d 523, 530-531 [2016]; *People v Gamble*, 18 NY3d 386, 398-399 [2012]; *People v Primo*, 96 NY2d 351, 356 [2001]).

Similarly unavailing is the defendant's contention that he was entitled to an adverse inference charge regarding certain lost evidence. In general, the People have "an affirmative obligation to preserve all discoverable evidence within their possession" (*People v James*, 93 NY2d 620, 644 [1999]). However, " '[t]he loss or destruction of evidence prior to trial does not necessarily require imposition of a sanction' " (*People v Jackson*, 133 AD3d 883, 884 [2015], quoting *People v Seignious*, 114 AD3d 883, 884 [2014]). " 'The court's determination

of an appropriate sanction must be based primarily [upon] the need to eliminate prejudice to the defendant' " (*People v Jackson*, 133 AD3d at 884, quoting *People v Rice*, 39 AD3d 567, 568-569 [2007]; *see People v Bernard*, 100 AD3d 916, 917 [2012]). The court should also consider " 'the proof available at trial, the significance of the missing evidence and whether the loss was intentional or inadvertent' " (*People v Seignious*, 114 AD3d at 884, quoting *People v Haupt*, 71 NY2d 929, 931 [1988]). Here, the People were unable to produce evidence which had been stored in a warehouse due to damage to the warehouse caused by Hurricane Sandy. The unavailable evidence, consisting of various items of clothing, had already been tested for DNA, and the test results were made available to the defendant. Moreover, the crimes at issue here occurred in February 2010, and Hurricane Sandy did not occur until October 2012, more than 2½ years later, and there is no indication that the defendant requested either access to that evidence or the performance of any further testing of it during that lengthy interval. Most significantly, there was no indication of any bad faith on the part of the prosecution, notwithstanding the defendant's argument that greater care should have been taken in storing the evidence or greater efforts should have been made to recover it (*see People v Haupt*, 71 NY2d at 931). Since the loss of this evidence due to a natural disaster did not prejudice the defendant or prevent him from presenting a defense, the Supreme Court properly declined to give an adverse inference instruction and instead elected to simply instruct the jury that it could consider the prosecution's loss of the evidence in its deliberations (*see People v Ignacio*, 148 AD3d 824 [2017]; *People v Hester*, 122 AD3d 880, 880-881 [2014]).

However, the defendant's convictions of two counts of attempted murder in the second degree must be vacated. Where multiple counts, including inclusory concurrent counts, are submitted to a jury, "[a] verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted" (CPL 300.40 [3] [b]). A count is an inclusory concurrent count where (1) it is "impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct" and (2) there is "a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater" (*People v Miller*, 6 NY3d 295, 302 [2006]). Because attempted murder in the second degree is an inclusory concurrent count of attempted murder in the first degree (*see id.* at 300-302; *People v Rosas*, 30 AD3d 545, 546 [2006], *affd* 8 NY3d 493 [2007]), the defendant's convictions of attempted murder in the second degree and the

sentences imposed thereon must be vacated and those counts of the indictment must be dismissed. Mastro, J.P., Leventhal, Hall and Sgroi, JJ., concur.