People v Rosales (2018 NY Slip Op 05340)





People v Rosales


2018 NY Slip Op 05340


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-00789
2016-02301
 (Ind. No. 1978-13)

[*1]The People of the State of New York, respondent,
v
Jamie Rosales, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Alfred J. Croce and Elizabeth Miller of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant (1) from a judgment of the Supreme Court, Suffolk County (Mark D. Cohen, J.), rendered August 4, 2014, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court dated February 8, 2016, which denied, without a hearing, his motion to vacate the judgment pursuant to CPL 440.10.
ORDERED that the judgment and the order are affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish every element of the crime of assault in the second degree (see People v Chiddick, 8 NY3d 445, 447; People v Perry, 122 AD3d 775, 776; People v Saeed, 60 AD3d 975, 977; People v Williams, 23 AD3d 589). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the fact-finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the Supreme Court erred in dismissing count two of the indictment is unpreserved for appellate review and, in any event, without merit (see CPL [*2]300.40[3][b]; People v Miller, 6 NY3d 295, 300; People v Lowery, 150 AD3d 890, 892).
We agree with the Supreme Court's determination denying the defendant's motion to vacate the judgment pursuant to CPL 440.10 (see People v Syvilee, 15 NY3d 391, 400; People v Schafer, 94 AD3d 778, 778-779; People v Waymon, 65 AD3d 708, 709).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
LEVENTHAL, J.P., SGROI, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court