People v Lagoa (2020 NY Slip Op 00160)





People v Lagoa


2020 NY Slip Op 00160


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2014-02101
 (Ind. No. 6481/11)

[*1]The People of the State of New York, respondent,
v
Felix Lagoa, appellant.


Paul Skip Laisure, New York, NY (Joshua M. Levine of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, Camille O'Hara Gillespie, and Sullivan & Cromwell LLP [Veronica W. Ip and Samuel S. Brickfield], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William E. Garnett, J.), rendered February 14, 2014, convicting him of attempted murder in the second degree and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]; see People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Where a defendant claims that the People should be sanctioned for the loss or destruction of evidence, "the court must consider a number of factors including the proof available at trial, the significance of the missing evidence and whether the loss was intentional or inadvertent" (People v Haupt, 71 NY2d 929, 931; see People v Seignious, 114 AD3d 883, 884). "The court's determination of the appropriate sanction must be based primarily upon the need to eliminate prejudice to the defendant" (People v Rice, 39 AD3d 567, 568-569).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying the defendant's motion to preclude testimony referring to certain evidence, including jewelry display cases found near the defendant's vehicle and an earring back found in the defendant's vehicle, which the People were unable to produce at trial. The People demonstrated that [*2]the items at issue had been stored in a storage facility that was flooded during Hurricane Sandy and that, as a result, the warehouse was closed by the Occupational Safety and Health Administration and the evidence could not be recovered. Under these circumstances, the loss of evidence cannot be attributed to the People (see People v Lowery, 150 AD3d 890, 891; People v Castro, 149 AD3d 862, 865; People v Ignacio, 148 AD3d 824, 825). Moreover, the defendant failed to demonstrate that he suffered prejudice as a result of the People's inability to produce the subject property. Despite the unavailability of the physical evidence, photographs of the property were introduced at trial, and defense counsel had the opportunity to cross-examine the People's witnesses regarding the missing evidence (see People v Castro, 149 AD3d at 865; People v Hester, 122 AD3d 880, 880). Although the defendant now claims that he was deprived of the opportunity to inspect and test the evidence, he never sought to examine the evidence until its loss was disclosed, even though the physical evidence was available to defense counsel for more than a year prior to Hurricane Sandy (see People v Fermin, 150 AD3d 876, 880; People v Castro, 149 AD3d at 865).
The defendant's further contention that the Supreme Court should have given an adverse inference charge for the missing evidence is, for the same reason, without merit (see People v Lowery, 150 AD3d at 891-892; People v Ignacio, 148 AD3d at 825; People v Hester, 122 AD3d 880, 880-881). Because the defendant does not seek to dismiss the indictment for an alleged denial of due process of law based on the People's failure to preserve the evidence, but only to preclude reference to the evidence and an adverse inference charge, we do not address the defendant's constitutional argument under Arizona v Youngblood (488 US 51) (see People v Handy, 20 NY3d 663, 668).
The defendant's contention that his adjudication as a persistent felony offender violated his right to a jury trial pursuant to Apprendi v New Jersey (530 US 466) is without merit (see People v Prindle, 29 NY3d 463; People v Bell, 15 NY3d 935; People v Quinones, 12 NY3d 116; People v Rivera, 5 NY3d 61; People v Rosen, 96 NY2d 329).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court