People v Similien (2020 NY Slip Op 04783)





People v Similien


2020 NY Slip Op 04783


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2016-13472
 (Ind. No. 1447/15)

[*1]The People of the State of New York, respondent,
v
Henriquez Similien, appellant.


Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Lauren Tan, Marion Tang, and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Martin Efman, J.) rendered November 17, 2016, convicting him of attempted assault in the first degree and assault in the second degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with, inter alia, attempted assault in the first degree and assault in the second degree in connection with an incident that occurred on June 22, 2015. The evidence at trial established that during the incident, the defendant stabbed the complainant repeatedly with two knives in the upper back, shoulders, and back of her head, inflicting a total of 18 stab wounds. After a nonjury trial, the defendant was convicted of those charges.
Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish his guilt, beyond a reasonable doubt, of attempted assault in the first degree (Penal Law §§ 110.00, 120.10[1]), including his intent to cause serious physical injury (see People v Bracey, 41 NY2d 296, 301-302; People v Castro, 149 AD3d 862, 864). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on the count of attempted assault in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the verdict finding him guilty of both attempted assault in the first degree and assault in the second degree is legally repugnant is unpreserved for appellate review (see CPL 470.05[2]; People v Alfaro, 66 NY2d 985, 987). In any event, the defendant's contention is without merit (see People v Muhammad, 17 NY3d 532; People v Trappier, 87 NY2d 55, 58; cf. People v McDavis, 97 AD2d 302, 304).
LEVENTHAL, J.P., ROMAN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court