People v Gough (2022 NY Slip Op 05542)

People v Gough

2022 NY Slip Op 05542

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2018-11689
 (Ind. No. 347/11)

[*1]The People of the State of New York, respondent,
v
Lamont Gough, appellant.

Twyla Carter, New York, NY (David Crow and Paul, Weiss, Rifkind, Wharton & Garrison, LLP [Harris Fischman, Daniel S. Sinnreich, and Carl L. Rizzi], of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Rebecca Nealon of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry A. Schwartz, J.), rendered September 17, 2018, convicting him of criminal sexual act in the first degree, burglary in the first degree (two counts), attempted aggravated sexual abuse in the first degree, assault in the second degree, sexual abuse in the first degree, and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of crimes including, inter alia, criminal sexual act in the first degree and burglary in the first degree based upon conduct perpetrated during his unlawful entry into a home in September 2009. At trial, the People presented evidence that the defendant's DNA matched DNA samples collected from cigarette butts found at the crime scene. Following the close of evidence, defense counsel requested an adverse inference charge on the ground that the cigarette butts had been destroyed due to flooding from Hurricane Sandy in October 2012, and, thus, could not be examined by the defendant. The Supreme Court denied the defendant's application.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying the defendant's application for an adverse inference charge based upon the destruction of the cigarette butts. Under the law in effect at the time of the trial, "[w]here a defendant claims that the People should be sanctioned for the loss or destruction of evidence, 'the court must consider a number of factors including the proof available at trial, the significance of the missing evidence and whether the loss was intentional or inadvertent'" (People v Lagoa, 179 AD3d 717, 717, quoting People v Haupt, 71 NY2d 929, 931). "'The court's determination of an appropriate sanction must be based primarily on the need to eliminate prejudice to the defendant'" (People v Lagoa, 179 AD3d at 718, quoting People v Rice, 39 AD3d 567, 568-569).
Here, the People were unable to produce the cigarette butts, which had been stored in a warehouse, due to damage caused by flooding from Hurricane Sandy. Nevertheless, the unavailable evidence had already been tested for DNA, and the test results were made available to [*2]the defendant. Under the circumstances presented, the Supreme Court providently exercised its discretion in declining to issue an adverse inference charge for the loss of the evidence due to a natural disaster (see People v Lowery, 150 AD3d 890, 892).
Furthermore, contrary to the defendant's contention, CPL 245.80(1)(b), which mandates the imposition of a remedy or sanction when discoverable material is lost or destroyed, may not be applied retroactively to a trial ruling which preceded the effective date of CPL 245.80(1)(b) on January 1, 2020 (see L 2019, ch 59, part LLL, § 2). Here, the language of the statute does not "expressly or by necessary implication" provide for retroactive effect (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584). Moreover, the Legislature delayed the amendment's effective date for approximately eight months, reflecting an intent to apply the provisions of CPL article 245 prospectively (see People v Galindo, 38 NY3d 199, 207; People v Utsey, 7 NY3d 398, 403-404).
The defendant's contention that his rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution (see People v John, 27 NY3d 294) were violated by the testimony of a criminalist for the Office of the Chief Medical Examiner of New York City is unpreserved for appellate review (see People v Liggins, 185 AD3d 721). In any event, the defendant's contention is without merit, as the criminalist's testimony indicated that he independently analyzed the raw data obtained from DNA testing and arrived at his own conclusions, as opposed to merely functioning as "'a conduit for the conclusions of others'" (People v Austin, 30 NY3d 98, 105, quoting People v John, 27 NY3d at 315; see People v King, 192 AD3d 1140, 1142; People v Pascall, 164 AD3d 1265, 1266).
IANNACCI, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court