■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER JOSEY, Appellant. [918 NYS2d 593]—

The defendant's contention that the circumstantial evidence presented at trial was legally insufficient to support his conviction of robbery in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). While the People's case was based entirely on circumstantial evidence, viewing the evidence in the light most favorable to the prosecution, and giving it the benefit of every reasonable inference to be drawn therefrom (*see People v Lewis*, 64 NY2d 1111, 1112 [1985]; *People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Balaz*, 43 AD3d 949 [2007]; *People v Urquidez*, 5 AD3d 800, 800-801 [2004]; *People v Hirsch*, 280 AD2d 612, 613 [2001]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the trier of fact's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contentions relating to the chain of custody of a copy of a video recording that was admitted into evidence, and defense counsel's ability to compare that video recording to the original recording, are unpreserved for appellate review and, in any event, without merit.

The defendant's remaining contentions are without merit. Covello, J.P., Belen, Hall and Cohen, JJ., concur.