People v James (2018 NY Slip Op 05603)





People v James


2018 NY Slip Op 05603


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2014-09776
 (Ind. No. 14-00020)

[*1]The People of the State of New York, respondent,
v
Jesse James, appellant.


James D. Licata, New City, NY (Ellen O'Hara Woods of counsel), for appellant.
Thomas P. Zugibe, District Attorney, New City, NY (Tina L. Guccione of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (William K. Nelson, J.), rendered September 23, 2014, convicting him of criminal mischief in the second degree (two counts) and criminal tampering in the first degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of criminal mischief in the second degree and criminal tampering in the first degree for cutting Verizon fiber optic cables at two different locations in the Town of Clarkstown.
The defendant's contentions as to the legal sufficiency of the evidence are unpreserved for appellate review (see CPL 470.05[2]; People v Carncross, 14 NY3d 319, 324-325; People v Seignious, 114 AD3d 883; People v Josey, 82 AD3d 1009). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of both crimes beyond a reasonable doubt. Contrary to the defendant's contentions, documents showing the costs to repair Verizon's fiber optic cables were properly admitted into evidence under the business records exception to the hearsay rule (see CPLR 4518[a]; People v Brown, 13 NY3d 332, 341; People v Cratsley, 86 NY2d 81, 89; People v Guidice, 83 NY2d 630, 635; People v Meekins, 34 AD3d 843, affd 10 NY3d 136; People v DiSalvo, 284 AD2d 547). Moreover, those records established that the amount of damage to the cables caused by the defendant exceeded $1,500, as required for a conviction of criminal mischief in the second degree (see Penal Law § 145.10).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
CHAMBERS, J.P., SGROI, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court